IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 74409-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BERNABE JOHN LOVE, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 17, 2017 |

SCHINDLER, J. — A jury convicted Bernabe John Love of unlawful possession of a

firearm in the second degree, driving while under the influence, and hit and run. Love

seeks reversal of the convictions, arguing the court erred in declining to instruct the jury

on reasonable doubt by using the dictionary definition of an "abiding" belief. We

disagree and affirm.

The State charged Bernabe John Love with unlawful possession of a firearm in

the second degree in violation of RCW 9.41.040(2)(a)(i), count I; driving while under the

influence in violation of RCW 46.61.502 and .506, count II; and hit and run in violation of

RCW 46.52.010(1), count III. Love entered a plea of not guilty. At the conclusion of the

evidence, the parties addressed the jury instructions. The State proposed giving a

reasonable doubt jury instruction based on 11 <u>Washington Practice: Washington</u>

<u>Pattern Jury Instructions: Criminal</u> 4.01, at 79 (2d ed. Supp. 2005) (WPIC).[1] Consistent with WPIC 4.01, "Jury Instruction No. 3" states:

> The defendant has entered a plea of not guilty. That plea puts in issue every element of each crime charged. The State is the plaintiff and has the burden of proving each element of each crime beyond a reasonable doubt. The defendant has no burden of proving that a reasonable doubt exists as to these elements.
> A defendant is presumed innocent. This presumption continues throughout the entire trial unless during your deliberations you find it has been overcome by the evidence beyond a reasonable doubt.
> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.

Defense counsel did not object to giving Jury Instruction No. 3—"[A]s to the reasonable doubt instruction, Your Honor, I don't have a problem with the way it's worded." But defense counsel argued the court should also instruct the jury on the definition of "abiding."

> I think it might be appropriate to include a dictionary definition of the word abiding, because, of course, the agreed upon wording is abiding belief and I'm concerned that the average juror may not know exactly . . . what that means.

---

[1] WPIC 4.01 states:

> [The] [Each] defendant has entered a plea of not guilty. That plea puts in issue every element of [the] [each] crime charged. The [State] [City] [County] is the plaintiff and has the burden of proving each element of [the] [each] crime beyond a reasonable doubt. The defendant has no burden of proving that a reasonable doubt exists [as to these elements].
> A defendant is presumed innocent. This presumption continues throughout the entire trial unless during your deliberations you find it has been overcome by the evidence beyond a reasonable doubt.
> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. [If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.]

(Alterations in original.)

The defense proposed an instruction that defines "abiding" using Webster's New World College Dictionary (3d ed. 1996). The proposed instruction states, "Abiding means continuing without change; enduring; lasting." The court declined to give the proposed instruction. The court ruled, "[T]he WPIC on this point is sufficient and has been approved repeatedly."

Defense counsel then asked if he could address the definition of "abiding belief" during closing argument. In response, the court ruled, "Absolutely."

During closing, defense counsel addressed an abiding belief and the meaning of an abiding belief as "continuing without change or enduring or lasting."

> Those two words, abiding belief, is something that you're going to have to figure out as jurors as to what that means to you as individuals, what it means to you as jurors, and how it applies to this case.
> The burden, of course, has always been on the State to show that this case has been established beyond a reasonable doubt, but abiding belief, the word abiding is one that is suggesting continuing without change or enduring or lasting. When the 12 of you folks get back in the back you're going to have to make some decisions about somebody's life and you have to be concerned about that and you're told in the jury instructions that you don't need to be concerned about punishment, only inasmuch as it makes you careful in the decision you make.
> But an abiding belief is one where you've decided for yourself and then as a group, as a consensus, because this is a consensus decision, whether or not you're comfortable with it now, after you've made your decision, next week, a year from now, two years. It needs to be enduring or lasting, continuing without change.

The jury convicted Love as charged.

Love contends he is entitled to reversal because the court violated his constitutional right to due process by declining to give a jury instruction defining "abiding" belief. Love claims the dictionary definition of abiding belief is necessary to define reasonable doubt.

3

We review challenges to jury instructions de novo. State v. Walker, 182 Wn.2d 463, 481, 341 P.3d 976 (2015). "[J]ury instructions must define reasonable doubt and clearly communicate that the State carries the burden of proof." State v. Bennett, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007). "Instructions must also properly inform the jury of the applicable law, not mislead the jury, and permit each party to argue its theory of the case." Bennett, 161 Wn.2d at 307.

In Bennett, the Washington Supreme Court approved WPIC 4.01 as a complete and accurate definition of reasonable doubt that "adequately permits both the government and the accused to argue their theories of the case." Bennett, 161 Wn.2d at 317. "[U]ntil a better instruction is approved," the Supreme Court instructed trial courts to "use the WPIC 4.01 instruction to inform the jury of the government's burden to prove every element of the charged crime beyond a reasonable doubt." Bennett, 161 Wn.2d at 318. The court cautioned against attempting to improve or enhance WPIC 4.01 because "every effort to improve or enhance the standard approved instruction necessarily introduces new concepts, undefined terms, and shifts, perhaps ever so slightly, the emphasis of the instruction." Bennett, 161 Wn.2d at 317.

State v. Osman, 192 Wn. App. 355, 366 P.3d 956 (2016), does not support Love's argument that the court erred in refusing to supplement WPIC 4.01 by instructing the jury on the dictionary definition of "abiding" belief. In Osman, defense counsel argued during closing that an abiding belief " 'means that if you find [the defendant] guilty the minute you walk out of this courthouse that's your decision you can't change your mind and look back and say I wonder if I made a mistake.' " Osman, 192 Wn. App. at 373-74. The court sustained the State's objection to the argument as an incorrect

4

statement of the law. Osman, 192 Wn. App. at 374. We held the trial court erred in sustaining the objection as an inaccurate statement of the law and improperly limited the scope of the defense closing argument but concluded the error was harmless beyond a reasonable doubt. Osman, 192 Wn. App. at 377-79. Here, unlike in Osman, the court allowed defense counsel to address the meaning of abiding belief at length.

Anfinson v. FedEx Ground Package System, Inc., 174 Wn.2d 851, 874, 281 P.3d 289 (2012), is not analogous. Unlike in Anfinson, the WPIC defining the meaning of reasonable doubt was approved by the Supreme Court in Bennett.

We affirm.

WE CONCUR: